RECEIPT # _____
AMOUNT $ 5.00
SUMMONS ISSUED N
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. CMG
DATE _____
MATTER OF: 3-11-05

MAGISTRATE JUDGE Bowler

FILED
IN CLERKS OFFICE

2005 MAR 11  A 11: 19

05 CV 10466 REK

JEAN RONALD ESPADY
ASTRID JARMELIN ESPADY

PETITIONERS' MOTION FOR HABEAS CORPUS PURSUANT TO 8 U.S.C. SECTION 2241, MOTION FOR STAY OF REMOVAL FROM UNITED STATES OF AMERICA

Now come the petitioners, Jean Ronald Espady and Astrid Jarmelin Espady, who are husband and wife, and hereby move this Honorable Court for habeas corpus pursuant to 8 U.S.C. Section 2241 and to stay their removal from the United States of America.

## FACTUAL SUMMARY / PROCEDURAL HISTORY

The two petitioners are married, are citizens of Haiti and reside in the Boston area. They have three children, ages 1, 3 and 7, all of whom were born in the United States. The couple fled Haiti due to well-founded fear of political prosecution entitling them to political asylum; withholding of removal; relief under Article 3 of the Convention Against Torture; and other relief. Despite an overabundance of evidence and equities weighing in their favor, Respondent's request for relief was arbitrarily and capriciously denied by the Immigration Judge. The Immigration Judge's erroneous decision to deny Petitioners' request for relief violated their procedural and substantive due process rights and was against the weight of the evidence. To exacerbate this violation, the Board of Immigration Appeals affirmed the Immigration Judge's decision despite the fact that no transcript of the husband's testimony was made available to

his counsel to be made part of the appellate record.

8 U.S.C. Section 2241 gives this court jurisdiction in this matter and a stay of removal should be granted to both petitioners, based on the test established by AREVALO V. ASHCROFT, 394 F. 3d 1 (1st Cir. 2003), as follows:

I. IS THE PETITIONER(S) LIKELY TO SUCCEED ON THE MERITS OF HIS UNDERLYING OBJECTION?

The answer is in the affirmative, due to irreparable flaws in the appellate record and the unconstitutional and capricious nature of the Immigration Judge's decision:

(a) The Appellate Record is Irreparably Flawed

As a threshold matter and one which should in and of itself mandate a reversal of this matter and/or a remand to the Immigration Judge, the Appellate record is incomplete, fatally flawed and irreparably prejudicial to Petitioners. For example, Petitioner's counsel was given a notice of Briefing Schedule but he was not provided with any of the Respondent's Hearing Transcript (Petitioner in the instant case being the Respondent at that time). In addition, Petitioner's counsel was not provided with a Notice of Briefing Schedule for Mrs. Espady. Petitioners' counsel unsuccessfully attempted to contact the Board of Immigration Appeals to determine how to proceed, however, without any guidance and/or clarification Petitioners' appeal is irreparably prejudiced. Without waiving the foregoing Respondents, without the benefit of a complete hearing trans-

cript including all of __both__ spouse's testimony, which is essential to the appeal, we provide the following argument as to why the appeal should be granted, a stay should be granted by this court and, ultimately, the government's case should be dismissed in its entirety.

Petitioners demonstrated the equities required for them to obtain political asylum, withholding of removal and other relief. They were denied the relief which they sought and deserved as a result of the Immigration Judge's egregious, arbitrary and capricious behavior as well as significant violations of their substantive and procedural due process rights.

Denial of discretionary relief may be reversed as an abuse of discretion when it is made without any rational explanation or inexplicably departs from established policies. DANIEL V. I.N.S., 528 F. 2d 1278 (5th Cir. 1976); GRAPHIC COMMUNICATIONS INTERNATIONAL V. SALEM-GRAVURE, 843 F. 2d 1490, 1493 (1988). Under this standard, a BIA decision may be found to be arbitrary if the BIA fails to address meaningfully all material factors. LUCIANO-VINCENT V. INS, 786 F. 2d 706 (5th Cir. 1986) (the Board failure to consider a pertinent factor constitutes abuse of discretion); MATTIS V. INS, 774 F. 2d 965 (9th Cir. 1985) (BIA discretionary denials must demonstrate that the BIA weighed both favorable and unfavorable factors) (citing DE LA LUZ V. INS, 713 F. 2d 545 (9th Cir. 1983); ZAMORA-GARCIA V. INS, 737 F. 2d 488, 490-91 (5th Cir. 1984) (INS must "actually consider" the facts, "meaningfully address"

— 4 —

each claim, and give "reasons for denying relief that reflect full consideration of the evidence") (citing RAMOS V. INS, 695 F. 2d 181 (5th Cir. 1983). When determining whether the Board's action was arbitrary, irrational, or not in accordance with the law, the courts "engage in a substantial inquiry... CITIZENS TO PRESERVE OVERTON PARK, INC. V. VOLPE, 401 U.S. 402, 416, 91 S. Ct. 814, 824, 28 L. Ed. 2d 136, 153 (1971), ACADIAN GAS PIPELINE SYSTEM V. FERC, 878 F. 2d 865 (5th Cir. 1989) (reviewing court does not rubberstamp agency decisions; instead review must be searching and careful).

(b) THE IMMIGRATION JUDGE'S DECISION IS UNCONSTITUTIONAL AGAINST THE WEIGHT OF THE EVIDENCE AND SHOULD HAVE BEEN REVERSED

Without Mr. Espada's transcribed testimony the Board of Immigration Appeals was incapable of fairly reviewing the Immigration Judge's decision. There can be no "searching and careful" review or "substantial inquiry" into the proceedings as required by law.

Even on its face the Immigration Judge's decision is flawed in every respect. The Immigration Judge only considered and indeed embellished any negative aspects of Petitioners' claims and completely disregarded the many positive aspects. Moreover, the proceedings demonstrate that the Immigration Judge was predisposed to finding against the respondent depriving him of a full and fair hearing as guaranteed by the United States Constitution. The Judge's decision is but a rationalization and justification for the implementation of her preconceived notion that the Petitioners should

be denied relief. The Immigration Judge glossed over every positive aspect of Petitioners' case, while maximizing the most trifling, inconsequential, and collateral matters advocated by the government.

For example, Mr. Espady testified credibly that in October 1990 he joined a social group and had a membership card with a group called Group Man Militants Cote Plage. He testified that he had been an active Aristide supporter and had made enemies because of his political opinions. He further testified that when he renounced Aristide he made more political enemies. He further testified that on May 20, 1992 he and his wife were imprisoned and beaten for political reasons. Further testimony revealed that in March 1999 Mrs. Espady received a threatening note on her car and that on April 17, 1999 she was shot at and the marital home was ransacked. The following day, assailants came to the marital home looking for Mr. and Mrs. Espady.

After leaving Haiti and on the various times that they returned to Haiti testimony revealed that the Petitioners received threats because of their political opinions. Mr. Espady testified credibly and in detail, about how the assailants tracked he and his wife at their home and at relatives' homes. The Espadys were able to quote their assailants and remembered their assailants' clothing. The Espadys testified credibly that they received personal and not generalized threats. Mr. Espady, even based upon the limited record available, is entitled to relief as defined by applicable law as he has

been persecuted and he still has a well-founded fear of persecution if he should be forced to return to Haiti because there are still people in Haiti who wish to harm him. Mr. Espady's testimony reflected his well-founded belief that his life would be in danger and that he would be physically harmed if he returned to Haiti.

II. WILL PETITIONERS SUFFER IRREPARABLE HARM ABSENT THE STAY?

Absent the stay, petitioners will be removed to a country that would subject them to political persecution and, in all likelihood, torture.

III. DOES THE HARM OUTWEIGH ANY POTENTIAL HARM FAIRLY ATTRIBUTABLE TO THE GRANTING OF THE STAY?

The petitioners have no criminal record and there is no actual or potential harm that would accrue to our country or any of its citizens if the stay is granted.

IV. WOULD THE STAY DISSERVE THE PUBLIC INTEREST?

The stay would not disserve the public interest for the reasons already stated. For these reasons, a stay should be granted, petitioners should not be removed from the United States and we would assert that this entire removal proceeding be dismissed with petitioners being allowed to stay in the United States.

JEAN/ASTRID ESPADY

By their attorney,

John Himmelstein

John Himmelstein
929 Massachusetts Avenue
Suite C1
Cambridge, MA 02139    (617) 868-2533    BBO # 547275

05 CV 10466 REK

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _ESPADY V. DHS_

FILED
IN CLERKS OFFICE

2005 MAR 11  A II: 19

U.S. DISTRICT COURT
DISTRICT OF MASS.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

___ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

_✓_ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    Also complete AO 120 or AO 121
      740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
      315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
      380, 385, 450, 891.

___ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
      690, 810, 861-865, 870, 871, 875, 900.

___ V. 150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?                                          YES          (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   (SEE 28 USC §2403)                  YES          (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?       YES           NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?                                       YES          (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).             (YES)          NO

   A.   IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

        (EASTERN DIVISION)        CENTRAL DIVISION        WESTERN DIVISION

   B.   IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION         CENTRAL DIVISION         WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _JOHN HIMMELSTEIN_
ADDRESS _929 MASSACHUSETTS AVENUE, SUITE 01, CAMBRIDGE 02139_
TELEPHONE NO. _(617) 868-2533_

(Cover sheet local.wpd - 11/27/00)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

05 CV 10466 REK

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS
JEAN RONALD ESPADY
AND   ASTRID JACWELIN ESPADY

**DEFENDANTS**
DEPARTMENT OF HOMELAND SECURITY

IN CLERKS OFFICE
2005 MAR 11 A 11:15
DISTRICT COURT
DISTRICT OF MASS.

**(b)** County of Residence of First Listed Plaintiff   SUFFOLK
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   SUFFOLK
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
JOHN HIMMELSTEIN
929 MASS. AVE.
SUITE 01
CAMBRIDGE 02139
(617) 868-2533

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
        (U.S. Government Not a Party)

☒ 2  U.S. Government Defendant

☐ 4  Diversity
        (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud |  | ☐ 490 Cable/Sat TV |
|  | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits |  | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 740 Railway Labor Act | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | **SOCIAL SECURITY** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 861 HIA (1395ff) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 862 Black Lung (923) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 863 DIWC/DIWW (405(g)) | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 864 SSID Title XVI |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 865 RSI (405(g)) |  |
|  |  | ☐ 555 Prison Condition | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
|  |  | **LABOR** | ☐ 871 IRS—Third Party 26 USC 7609 |  |
|  |  | ☐ 610 Agriculture |  |  |
|  |  | ☐ 620 Other Food & Drug |  |  |
|  |  | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  |  |
|  |  | ☐ 630 Liquor Laws |  |  |
|  |  | ☐ 640 R.R. & Truck |  |  |
|  |  | ☐ 650 Airline Regs. |  |  |
|  |  | ☐ 660 Occupational Safety/Health |  |  |
|  |  | ☐ 690 Other |  |  |
|  |  | ☐ 790 Other Labor Litigation |  |  |
|  |  | ☐ 791 Empl. Ret. Inc. Security Act |  |  |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
8 U.S.C. SECTION 2241

Brief description of cause:
ATTEMPT TO STAY DEPORTATION OF NON-U.S. CITIZEN

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE                    DOCKET NUMBER

DATE  3/11/05

SIGNATURE OF ATTORNEY OF RECORD   John Himmelstein

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE