```
               UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MASSACHUSETTS

ESPADY, ET AL.,                  )
                                 )
          Petitioners            )
                                 )       Civil Action No.
     v.                          )       05cv10466-NG
                                 )
DEPARTMENT OF HOMELAND SECURITY, )
                                 )
          Respondent[1]          )
```

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

By Order dated March 16, 2005, the Court has directed service of the petition in this case upon the United States Attorney General and the United States Attorney, and ordered that "the Respondent" file an answer or other responsive pleading to the petition within 60 days of receipt of the Court's order.

However, the petitioners have not identified the Department of Homeland Security as the respondent in this case. Moreover, to the extent petitioners seek relief pursuant to 28 U.S.C. § 2241, the petition fails utterly to satisfy the requirements of such an application to "allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim

or authority, if known." 18 U.S.C. § 2242. Nor are the petitioners nor any of them in the custody of the Department of Homeland Security.

It is elementary that "the writ of habeas corpus shall not extend to a prisoner" unless he is in custody. 28 U.S.C. § 2241(c). Vasquez v. Reno, et al., 233 F.3d 688, 691 (1st Cir. 2000), cert. denied, sub nom. Vasquez v. Ashcroft, 122 S.Ct. 43 (2001) ("we consider it settled beyond cavil that when a prisoner petitions for a writ of habeas corpus under 28 U.S.C. § 2241, he must name as the respondent the superintendent of the facility in which he is being held.").

To the extent the petitioners may be read as seeking review of a final order of deportation or removal, the petitioners have procedurally defaulted by failure to pursue statutorily prescribed direct judicial review of a removal or deportation order at the First Circuit Court of Appeals. Rivera-Martinez v. Ashcroft, 389 F.3d 207, 209 (1st Cir. 2004)( holding that an alien who "could have, but did not press [his claim] on statutory direct review" at the Circuit Court of Appeals, had "procedurally

---

[1] Petitioner's "Motion for Habeas Corpus" does not identify any respondent. The Court's Order dated March 16, 2005, is the sole filing of record bearing the designation of "Department of Homeland Security" as the respondent. See 28 U.S.C. § 517 (providing for the appearance of the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States").

2

defaulted" on his claim so as to make habeas corpus review of that same claim unavailable).

Respondent moves for dismissal of this action because under First Circuit law petitioners have procedurally defaulted any claim for judicial review of their removal orders by failing to avail themselves of the statutorily prescribed direct review at the Circuit Court of Appeals. <u>Rivera-Martinez v. Ashcroft</u>, 389 F.3d 207 (1st Cir. 2004). Because the claims are defaulted, the Court should also deny any stay request.

**FACTS AND BACKGROUND**

Petitioners Jean Ronald Espady and Astrid Jarmelin Espady are natives and citizens of Haiti who were admitted to the United States as a lawful permanent resident as nonimmigrant visitors for pleasure on July 10, 1999 and February 1, 2000, respectively. Both petitioners remained in the United States longer than authorized, and removal proceedings were initiated against each of them charging removability under 8 U.S.C. § 1227(a)(1)(B) as aliens who remained longer than authorized.

The petitioners' removal hearing was held before the Immigration Judge with petitioners represented by prior immigration counsel. By decision dated December 12, 2002, the Immigration Judge found petitioners removable as charged, denied their relief applications, and ordered petitioners deported to Haiti.

Petitioners appealed the removal orders to the Board of Immigration Appeals ("BIA"), which dismissed the appeal by decision dated February 14, 2005. See Attachment A.

However, petitioners failed to seek direct judicial review of the February 14, 2005, BIA order at the First Circuit Court of Appeals as prescribed by statute, although they could have. See 8 U.S.C. §§ 1252(b)(1) (directing that "[t]he petition for review must be filed not later than 30 days after the date of the final order of removal"), and 1252(b)(2) (prescribing venue in review of a removal order, "[t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.").

Because petitioners have failed to seek the statutorily prescribed direct judicial review of either the BIA's February 14, 2005, removal order, petitioners have procedurally defaulted on the instant claims and therefore habeas corpus review of those claims is unavailable.

**ARGUMENT**

I.  PETITIONERS' CLAIMS ARE PROCEDURALLY DEFAULTED BY THEIR FAILURE TO SEEK DIRECT REVIEW OF THE BIA'S FEBRUARY 14, 2005 REMOVAL ORDER.

In Rivera-Martinez v. Ashcroft, 389 F.3d 207 (1st Cir. 2004), the First Circuit affirmed on procedural default grounds a district court's dismissal of a habeas petition seeking to challenge a removal order. Like the instant petitioners, the alien habeas petitioner in Rivera-Martinez was not statutorily

barred from seeking the prescribed direct view of his final order of removal at the circuit court of appeals, but nonetheless abandoned that avenue and instead attempted to seek review of his removal order in habeas corpus proceedings before the district court.

Judge Woodlock in the district court below in Rivera-Martinez dismissed the petition on the basis that petitioner was required to have availed himself of the statutorily prescribed direct review at the circuit court by filing a petition for review there within 30 days of the date of entry of his final order of removal. See 8 U.S.C. §§ 1252(b)(1) (directing that "[t]he petition for review must be filed not later than 30 days after the date of the final order of removal"), and 1252(b)(2) (prescribing venue in review of a removal order, "[t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.").

Judge Woodlock reasoned that "because there exists a specific statutory review process for such claims, there is no basis to invoke habeas corpus jurisdiction to provide a duplicative review process or vary that which Congress has provided", and that the petitioner "may not escape the limitations period Congress has established for the route to judicial review by seeking to develop in a leisurely manner an alternative path that Congress has not authorized." Rivera-

5

Martinez v. Ashcroft, 389 F.3d at 208-9, quoting district court's Memorandum and Order dated April 30, 2003, Rivera-Martinez v. Ashcroft, No. 03cv10268-DPW (D. Mass. 2003).

The First Circuit in Rivera-Martinez affirmed the district court habeas dismissal, holding that an alien who "could have, but did not press [his claim] on statutory direct review" at the Circuit Court of Appeals, had "procedurally defaulted" on his claim so as to make habeas corpus review of that same claim unavailable. Rivera-Martinez v. Ashcroft, 389 F.3d at 209.

The circuit court's Rivera-Martinez decision declared that because the petitioner had filed a petition for writ of habeas corpus instead of filing a petition for statutorily prescribed direct review at the circuit court, "this is a straightforward case of a petitioner attempting to use habeas to resurrect a claim that could have been and should have been presented on direct review." Id. at 210.

The First Circuit noted that it had "previously recognized that principles of procedural default apply in the immigration law context", citing Foroglou v. Reno, 241 F.3d 111, 115 (1st Cir. 2001), and Mattis v. Reno, et al., 212 F.3d 31, 41 (1st Cir. 2000), abrogated on other grounds, 533 U.S. 289 (2001), and that "we see no reason to doubt the correctness of the district court's decision to apply those principles to reject Rivera's petition." Rivera-Martinez v. Ashcroft, 389 F.3d at 210. Accordingly, the First Circuit affirmed the district

6

court's dismissal of the habeas corpus petition on a procedural default analysis.

Respondent submits that Rivera-Martinez v. Ashcroft, supra, is controlling in the instant case. Because petitioners could have and should have but did not seek the statutorily prescribed direct review of either of the BIA orders at the First Circuit, petitioners have procedurally defaulted on such review, and habeas corpus review of his claims is unavailable.

Accordingly, the Court should dismiss the action as procedurally defaulted under Rivera-Martinez, supra.

II. BECAUSE HABEAS CORPUS REVIEW IS UNAVAILABLE, THERE IS NO LIKELIHOOD OF SUCCESS ON THE MERITS AND THE COURT SHOULD DENY THE STAY REQUEST.

In the instant case habeas review of petitioners' claims is unavailable because First Circuit has held that an alien who "could have, but did not press [his claim] on statutory direct review" at the Circuit Court of Appeals, has "procedurally defaulted" on his claim so as to make habeas corpus review of that same claim unavailable, Rivera-Martinez v. Ashcroft, supra, at 210, the Court should deny the stay request. Because habeas corpus is unavailable as a result of petitioners' procedural default, there is no likelihood of success on the merits. See Arevalo v. Ashcroft, 344 F.3d 1, 9 (1st Cir. 2003)("in sum, we hold that the applicable standard for evaluating requests for stays pending review of final orders of removal is the four-part algorithm used for preliminary

7

injunctions"); Lancor v. Lebanon Hous. Auth., 760 F.2d 361, 362 (1st Cir. 1985) ("[o]f these four factors, the probability-of-success component in the past has been regarded by us as critical in determining the propriety of injunctive relief"); Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993)(the "sine qua non" of the preliminary injunction test is whether the movant is likely to succeed on the merits).

Accordingly, the motion for stay and all relief should be denied and the petition should be dismissed.

## CONCLUSION

Because petitioners failed to avail themselves of the prescribed direct judicial review of his removal order, habeas corpus review is unavailable to them, Rivera-Martinez v. Ashcroft, supra, and the Court should deny the stay request, dismiss the petition, and deny all other relief.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                  By:   s/Frank Crowley
                         FRANK CROWLEY
                         Special Assistant U.S. Attorney
                         Department of Homeland Security
                         P.O. Box 8728
                         J.F.K. Station
                         Boston, MA 02114
                         (617) 565-2415

CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon counsel for petitioners by mail on May 5, 2005.

                                          s/Frank Crowley
                                          FRANK CROWLEY
                                          Special Assistant U.S. Attorney
                                          Department of Homeland Security
                                          P.O. Box 8728
                                          J.F.K. Station
                                          Boston, MA 02114

ATTACHMENT A



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

5201 Leesburg Pike, Suite 1300
Falls Church, Virginia 22041

Cooper, Mark D., Esquire
15 Court Square
6th Floor
Boston, MA 02108-0000

Office of the District Counsel/BO
P.O. Box 8728
Boston, MA 02114

Name: ESPADY, JEAN RONALD
Riders: 70-868-550

A78-223-728

Date of this notice: 02/14/2005

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Frank Krider
Chief Clerk

Enclosure

Panel Members:
   PAULEY, ROGER



| | |
|---|---|
| U.S. Department of Justice | Decision of the Board of Immigration Appeals |
| Executive Office for Immigration Review | |
| Falls Church, Virginia 22041 | |

Files:   A78 223 728 - Boston   Date:
         A70 868 550

FEB 1 4 2005

In re:   JEAN RONALD ESPADY
         ASTRID JARMELIN ESPADY

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENTS:   Mark D. Cooper, Esquire

ORDER:

   PER CURIAM. We adopt and affirm the decision of the Immigration Judge, which found the respondents removable; denied their applications for asylum, withholding of removal, and voluntary departure under the Immigration and Nationality Act as well as for relief under the United Nations Convention Against Torture; and ordered them removed from the United States to Haiti. *See Matter of Burbano*, 20 I&N Dec. 872, 874 (BIA 1994) (noting that adoption or affirmance of a decision of an Immigration Judge, in whole or in part, is "simply a statement that the Board's conclusions upon review of the record coincide with those the Immigration Judge articulated in his or her decision"). We agree that the respondents failed to meet the burdens of proof on their claims of persecution and torture.

   On appeal, the respondents have suggested that their removal proceedings were unfair. We find that they have not demonstrated any error by the Immigration Judge in evaluating the evidence, in applying legal standards, or otherwise in conducting their hearings. Finally, we find that they have not demonstrated any resultant prejudice such as would constitute a due process violation. *See Vides-Vides v. INS*, 783 F.2d 1463, 1469-70 (9th Cir. 1986); *Nicholas v. INS*, 590 F.2d 802, 809-10 (9th Cir. 1979); *Martin-Mendoza v. INS*, 499 F.2d 918, 922 (9th Cir. 1974), *cert. denied*, 419 U.S. 1113 (1975).

   Accordingly, the appeal is dismissed.

_____
FOR THE BOARD