UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ESPADY, ET AL, ) | |
|    Petitioners ) | |
| ) | |
| V. ) | CIVIL ACTION # 05CV10466NG |
| ) | |
| DEPARTMENT OF HOMELAND ) | |
| SECURITY ) | |
|    Respondent ) | |

PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO DISMISS

At this Honorable Court is aware, respondent seeks to dismiss petitioners' section 2241 habeas corpus motion. We respectfully disagree with the rationale purporting to support respondent's motion, on a number of levels.

Respondent states, in its dismissal motion, that the Department of Homeland Security has not been identified as the respondent in this case. While it is technically true that petitioners' motion is entitled "MATTER OF: JEAN RONALD ESPADY, ASTRID JARMELIN ESPADY" and the caption does not make reference to the Department of Homeland Security, the cover sheet filed with the petition does name the Department of Homeland Security as the respondent.

Respondent continues to argue that there is no allegation of "facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." Even a cursory review of petitioners' habeas corpus motion demonstrates that this is simply not correct. Petitioners give a concise, yet detailed, summary of a history with the immigration court stating that an immigration judge denied the petitioners' requests for relief pursuant to asylum and Article 3 of the Convention Against Torture. As such, petitioners are now facing removal from the United States of America. They are not technically in custody but clearly await harm if the instant motion is denied. We would respectfully suggest that even if this Honorable Court deems a habeas corpus petition inappropriate in light of petitioners not being in custody, petition should simply be amended to a writ of mandamus. Clearly, petitioners are appealing adverse decisions rendered by the Immigration Court Under the auspices of the Department of Homeland Security.

A reading of respondent's memorandum in support of its motion leads one to believe that petitioners, in order to file the relief they are seeking, must only file with the United States Court of Appeals. In support of its argument, respondent is relying on RIVERA-MARTINEZ v. ASHCROFT, 389 F. 3d. 207 (1ST Cir. 2004).

However, RIVERA, supra, does not impose the requirement respondent relies on. Furthermore, the facts of RIVERA are radically different from this case. In RIVERA, as the court knows, an individual convicted of rape waited eight months to file and petition after the BIA denied his appeal. This court, contrary to the assertions of respondent, did not dismiss RIVERA because he filed in District Court rather than the First Circuit Court of Appeals. They dismissed his case because he waited eight months to file. In fact, part of Judge Woodlock's ruling in RIVERA was as follows: "Had the instant petition been filed in this court in a timely manner, I would be inclined to treat the case as a petition for judicial review under Section 1252 and transfer the case to Court of Appeals." Using RIVERA as a guide, petitioners' case should simply be transferred to the Court of Appeals, not dismissed altogether, as respondent argues. The last paragraph of the published decision in RIVERA is instructive. It states, in part, as follows: "In his brief, Rivera presents only two arguments other than those directed at the merits of this nationality claim: that neither 8 U.S.C. Section 1252 (b) (5) stripped the court of habeas jurisdiction over his nationality claim, notwithstanding that the claim could have been advanced in a petition for review of the BIA's judgment. RIVERA's statutory arguments……may or may not be correct, but Rivera has put the cart before the horse. The district court did not base its dismissal on a conclusion that either of these statutes stripped it of jurisdiction to entertain Rivera's petition…." RIVERA, supra, at 209 (last paragraph). In other words, according to a per curiam holding in the First Circuit Court of Appeals, the United States District Court did not dismiss Rivera-Martinez' petition because he filed it in the wrong court, as respondent is asserting. His petition was dismissed because he waited eight months to file it. In the instant case, we have a timely filing which Judge Woodlock has already gone on record as saying should be treated as a petition for judicial review under Section 1252, based on the very RIVERA holding respondent relies on.

The real issue before this court is not whether or not petitioners Espady's petition is procedurally flawed, because it is not. The real issue before this court is whether or not the Espady petitioners have satisfied the test stated in AREVALO v. ASHCROFT 344 F. 3d 1 (1st Cir. 2003). As we have already asserted in the petition already filed which contains a detailed discussion of the four prongs of AREVALO, we strongly assert that the Espady petitioners have met the AREVALO standard. In this very court, this firm previously initiated another Section 2241 petition in the Matter of Vidalia Rodrigues. That petition was denied by Judge Woodlock but on Appeal to the First Circuit Court of Appeals stay was granted due to Ms. Rodrigues satisfying the AREVALO test (It should be mentioned that, in that case, Ms. Rodrigues decided, on her own, to voluntarily return to her homeland in Portugal despite the fact that the stay was granted). In Rodrigues, the AREVALO arguments were not as strong due to that petitioner's criminal record involving drugs and prostitution. Certainly, if a stay was granted in the Rodrigues matter which, incidentally, was initially filed in the United States District Court then, clearly, law abiding individuals such as the Espadys are acting reasonably, in good faith and, based on precedent, following the proper procedural path.

For all of these reasons, petitioner asks that respondent's motion to dismiss be denied and requests that this motion to stay removal form the United States be granted.
JEAN RONALD ESPADY
ASTRID JARMELIN ESPADY
By their attorney,

_____
John Himmelstein
929 Massachussets Avenue
Suite 01
Cambridge, MA 02139
(617) 868-2533
BBO# 547275

CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that he has provided notice of the attached documents to opposing counsel by mailing copies of same, postage prepaid, to Frank Crowley, Esquire, P.O. Box 8728, JFK Station, Boston, MA 02114.

_____
JOHN HIMMELSTEIN, ESQ.